## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

KIMBERLY A. LETKE,                      )
                                        )
        Plaintiff,                   )
                                        )
      v.                            )          Civil Action No. 23-1230-GBW
                                        )
KATHLEEN JENNINGS, et al.,              )
                                        )
        Defendants.                  )

---

Kimberly A. Letke, Rehoboth, Delaware.   Pro se Plaintiff.

Devera Breeding Scott, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.   Counsel for Defendants Jennings, Beutler, and Delaware Recreational Park Police.

Paul G. Enterline, Esq., Georgetown, Delaware.   Counsel for Defendant Sprenkler.


### MEMORANDUM OPINION


May 23, 2024
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

On October 27, 2023, Plaintiff Kimberly A. Letke, who appears *pro se* and has paid the filing fee, initiated this action, which the Court construes as having been filed under 42 U.S.C. § 1983.   Before the Court are motions to dismiss and for judgment on the pleadings filed by Defendants (D.I. 12, 19), and several motions filed by Plaintiff (D.I. 9, 10, 11).

## I.   BACKGROUND

Plaintiff was arrested after several confrontations with a hunter who had cut across Plaintiff's neighbor's property on foot to access a designated hunting area, where he shot and removed a deer before placing it in his vehicle parked on the street.   Plaintiff was arrested on charges of willfully obstructing or impeding lawful hunting, fishing or trapping activities in violation of Delaware law.   The charges were later dismissed, *nolle prosequi*.

In her Complaint, Plaintiff names as Defendants the Delaware state police officer who arrested her, the Delaware Recreational Park Police, the Attorney General of Delaware ("State Defendants") and the hunter.   Plaintiff asserts claims for: 1) defamation; 2) false arrest and violations of public trust; 3) malicious prosecution; 4) unlawful detention; and 5) violations of her Fourth Amendment rights.   The thrust of Plaintiff's allegations is that the police officer did not include in his arrest warrant application the fact that the hunter was able to

1

successfully remove the deer, despite Plaintiff's multiple confrontations with him and, had this fact been included, the arrest warrant would not have been signed. Plaintiff seeks damages and injunctive relief.   The State Defendants have filed a motion to dismiss, and the hunter has filed a motion for judgment on the pleadings.

Before filing this lawsuit, Plaintiff also filed lawsuits in the Delaware Superior Court against the State Defendants and the hunter based on the same incident.   Those cases were consolidated, the State Defendants filed a motion to dismiss, and the hunter also filed a motion for judgment on the pleadings.   *See Letke v. Sprenkler*, Civ. No. S23C-02-019 (Del. Super. Ct.) at BL-25, BL-26, BL-31.[1]   The State Defendants' motion to dismiss and hunter's motion for judgment on the pleadings were granted and, and the case was dismissed.   *Id.* at BL-46, BL-47, BL-49.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(6)

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her

---

[1] The Court has access to the Superior Court docket via Bloomberg Law.   "BL" is how Bloomberg Law refers to docket entries.

Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the

3

misconduct alleged." *Id.*   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In evaluating a motion to dismiss," the Court "may consider documents that are attached to or submitted with the complaint . . . matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal quotation marks omitted).

**B.     Rule 12(c)**

A Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion alleges that the plaintiff failed to state a claim upon which relief can be granted. *See Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *Revell v. Port Auth. of N.Y., N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).   In ruling on a motion for judgment on the pleadings, the Court is generally limited to the pleadings.   *See Mele v. Federal Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004).   The Court may, however, consider documents incorporated into the pleadings and those that are in the public record.   *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

4

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed – but early enough not to delay trial." When evaluating a defendant's motion for judgment on the pleadings, the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the non-moving party. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008); *see also Maio v. Aetna, Inc.*, 221 F.3d 472, 482 (3d Cir. 2000). A Rule 12(c) motion will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau*, 539 F.3d at 221.

"The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (explaining that any documents integral to pleadings may be considered in connection with Rule 12(c) motion). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Burlington Coat Factory*, 114 F.3d at 1420. Ultimately, a motion for judgment on the pleadings can be granted "only if no relief could be afforded under any set of facts that could be proved." *Turbe*, 938 F.2d at 428.

5

## III.   DISCUSSION

"Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam)).   The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment.   *See Jones v. Att'y Gen. of Delaware*, 737 F. App'x 642, 643 (3d Cir. 2018) (per curiam).   Accordingly, the Delaware Recreational Park Police must be dismissed.

Furthermore, Kathleen Jennings, Attorney General of the State of Delaware has prosecutorial immunity for the claims raised against her.   Prosecutors should not be encumbered by the threat of civil liability while performing judicial or quasi-judicial functions, *see Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), and prosecutors acting within the scope of their duties in initiating and pursuing a criminal prosecution are immune to suit under § 1983, *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

With regard to the arresting officer, Plaintiff has failed to state a claim.   Her allegations, accepted as true, indicate that there was probable cause to believe that she had violated the state law in question by willfully obstructing or impeding lawful hunting.   The omission of the fact that the hunter managed to circumvent

her obstruction and successfully hunt was not a material omission from the warrant application.

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016). Given that Plaintiff and all Defendants appear to be Delaware citizens, this Court does not have diversity jurisdiction over Plaintiff's state-law claims. *See id.* § 1332(a). Therefore, the state-law claims against the State Defendants and the hunter, all of which have already been dismissed by the Superior Court of Delaware, will be dismissed, without prejudice, for lack of jurisdiction.

Accordingly, the Complaint will be dismissed.

## IV. CONCLUSION

As discussed above, the Court will grant the hunter's motion for judgment on the pleadings (D.I. 12) and the State Defendants' motion to dismiss (D.I. 19), and deny Plaintiff's pending motions (D.I. 9, 10, 11).

An appropriate Order will be entered.